IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-30210
Conference Calendar
_____

CURTIS BROUSSARD,

                                        Plaintiff-Appellant,

versus

EDWIN EDWARDS and
RICHARD L. STALDER,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 94-CV-2700
- - - - - - - - - -
June 30, 1995

Before JONES, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

     Curtis Broussard argues that the district court erred by
dismissing his complaint as frivolous.  He contends that the
defendants placed his life in danger by allowing him to be
incarcerated at Hunt Correctional Center, which he alleged was
located in a "high risk area of health related serious
illnesses," and that he was in danger from toxic chemical leaks.
An IFP suit may be dismissed as frivolous if it lacks an arguable

_____

     [*]     Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the court has determined
that this opinion should not be published.

basis in law or fact.  28 U.S.C. § 1915(d); <u>Denton v. Hernandez</u>, 504 U.S. 25, ___, 112 S. Ct. 1728, 1733 (1992).  This court reviews such a dismissal for an abuse of discretion.  <u>Denton</u>, 112 S. Ct. at 1734.

Broussard has not shown how Governor Edwards and Secretary Stalder were personally involved in any alleged constitutional deprivation.  Allegations that the defendants "knew or should have known" of the proximity of chemical plants to the prison do not sufficiently establish a causal connection.  Further, aside from Broussard's conclusional allegations that Governor Edwards and Secretary Stalder are "responsible for the locations of all state prisoners incarcerated in the state of Louisiana," Broussard has not pointed to any policy implemented by these defendants, so deficient as to be a repudiation of constitutional rights, that would warrant supervisory liability.  See <u>Thompkins v. Belt</u>, 828 F.2d 298, 304 (5th Cir. 1987). The district court did not abuse its discretion by dismissing Broussard's complaint as frivolous.

Broussard also argues that the district court erred by dismissing his complaint before the defendants responded to it. However, a § 1915(d) dismissal may occur prior to service upon the defendants.  See <u>Holloway v. Gunnell</u>, 685 F.2d 150, 152 (5th Cir. 1982).

This court previously warned Broussard that "the filing of further frivolous suits will result in sanctions such as financial penalties and limited access to the judicial system." See <u>Broussard v. Ieyoub</u>, No. 94-30122 (May 17, 1994)

(unpublished).  Because the present suit is frivolous, we impose a monetary sanction of $100 on Broussard.  Until he pays to the Clerk of this court the $100 monetary sanction imposed, Broussard will not be permitted to file any further pleadings, either in the district courts of this Circuit or in this court, without obtaining leave of court to do so.

AFFIRMED; SANCTION IMPOSED.